Jaazaniah Asahguii, Esq.
Gaines, Novick, Ponzini, Cossu & Venditti, LLP
Attorneys for Plaintiff
1133 Westchester Avenue, Suite N-202
White Plains, New York 10606
Tel. (914) 288-9595
Fax (914) 288-0850
Email: jasahguii@gainesllp.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
ELON HENEK,

        Plaintiff,

v.

CSC HOLDINGS, LLC, d/b/a ALTICE USA,
a/k/a OPTIMUM, formerly d/b/a
CABLEVISION SYSTEMS CORP.,

        Defendant.
----------------------------------------------------------------X

Civil Action No.

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Elon Henek ("Mr. Henek" or "Plaintiff"), by and through his attorneys, Gaines, Novick, Ponzini, Cossu & Venditti, LLP as and for his Complaint in the action against Defendant, CSC Holdings, LLC, d/b/a Altice USA, formerly d/b/a Cablevision Systems Corp. (hereinafter "Defendant" or "Employer"), hereby alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendant's unlawful employment practices committed against Mr. Henek, including their unlawful discrimination and harassment committed against Mr. Henek in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"); and Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981");

the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*., ("ADA"); the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"); the New York State Human Rights Law, New York Executive Law §§ 290 and 296 *et seq*. (the "NYSHRL"), and other appropriate rules, regulations, statutes and ordinances.

2. Over the course of Mr. Henek's tenure as a Direct Sales Representative with his Employers he was subjected to unlawful discrimination and harassment because of his religion, disability, and national origin. The blatantly hostile work environment created by Defendant included, Mr. Henek, having to endure unfair critique of his work, penalties for taking religious holidays, and unfair beratement by his superiors because of voicing concerns about the anti-Semitic atmosphere at his place of employment. Defendant denied Mr. Henek the ability to work in an equal work environment and afford him promotional opportunities.

3. Defendant's conduct was knowing, malicious, willful, wanton and/or showed a reckless disregard for Mr. Henek, which caused, and continues to cause, Mr. Henek to suffer substantial economic and non-economic damages, detriment to his health, including but not limited to insomnia, permanent harm to his professional and personal reputation, severe mental anguish, physical harm, and emotional distress.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Mr. Henek's rights under Title VII, Section 1981, etc. This Court has supplemental jurisdiction over Mr. Henek's related claims arising under state and/or local law pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this district pursuant to 42 U.S.C. § 2000e-(5)(f)(3) because the unlawful employment practices against Mr. Henek were committed in this district, the

employment records relevant to the unlawful employment practices are maintained and administered in this district, and the Employer's principal offices are in Long Island.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events or omissions giving rise to this action occurred in this district.

## PARTIES

7. Mr. Henek resides in Nassau County, in the State of New York.

8. At all relevant times, he met the definition of an "employee" under all applicable statutes.

9. At all relevant times, Defendant meets the definition of an "employer" under all applicable statues.

10. Defendant is in the business of selling cable, internet and telephone services.

11. Defendant is located at 200 Jericho Turnpike, Jericho, New York.

## PROCEDURAL REQUIREMENTS

12. Mr. Henek has complied with all statutory prerequisites to his Title VII claims having filed a complaint with the Equal Employment Opportunity Commission ("EEOC").

13. On or about September 6, 2018, Mr. Henek received a right to sue letter from the EEOC.

14. This lawsuit has been filed within 90 days of receipt of Mr. Henek's right to sue letter.

15. Any and all other prerequisites to the filing of this lawsuit have been satisfied.

## FACTUAL ALLEGATIONS

### I. Background

16. Mr. Henek is an Israeli Jewish man.

17. Mr. Henek was hired by Defendant in April of 2017 as an Direct Sales Representative.

18. Mr. Henek's job responsibilities include locating and visiting new potential clients to sell them a variation of cable, internet, and phone service packages.

19. Mr. Henek is paid a salary and receives commission on what he sells.

20. Mr. Henek regularly finished in the top ten in sales for his entire region.

21. Mr. Henek was terminated by Defendant in January of 2018.

22. Mr. Henek performs his duties as a Direct Sales Representative from April of 2017 to January of 2018 in an exceptional manner and with the highest degree of integrity, despite pervasive discrimination, harassment and retaliation based on national origin, religion, and disability.

### II. Passover Observance

23. In April of 2017, Mr. Henek, for the first time observed Passover while employed by Defendant.

24. From that time, until he was terminated, his supervisors targeted Mr. Henek.

25. Mr. Henek advised Matthew Haggerty, his manager, that he would need to leave an hour early to observe the Passover Holiday.

26. Mr. Henek was advised that he could observe his religious holiday.

27. Shortly thereafter, however, Mr. Henek was confronted by Hugh Johnson, his supervisor, that he should not have observed his religious holiday and that personal time would be from Mr. Henek.

### III. Disability and FLMA

28. On or about September 12, 2017, Mr. Henek suffered a nervous breakdown and did not to work.

29. On or about September 19, 2017, Mr. Henek submitted FLMA paperwork, including a recommendation from this Doctor that he go on medical leave.

30. Mr. Henek was advised by his doctor, his insurer, and his employer's human resources representative that he would be able to back date the approval to include the time he suffered a nervous breakdown.

31. Mr. Henek was issued a final warning as a result of his September 12th absence.

32. Mr. Henek asked Mr. Haggerty why he was issued a final warning if he was approved for medical leave.

33. Mr. Haggerty told him that his request for medical leave was denied.

34. Mr. Henek later discovered that he was approved for medical leave, but his employer refused to backdate the approval to include his September 12th absence.

35. Mr. Henek, already received undue criticism because he is an Israeli Jew, but felt as though the intense criticism and cold shoulders intensified from his supervisors.

### IV. Yom Kippur Observance

36. Mr. Henek also advised his employer that he would need time off to observe Yom Kippur.

37. Mr. Henek's observance of Yom Kippur included fasting and prayer at his temple.

38. Mr. Henek's supervisor called him and demanded to know where he was and why he wasn't working.

39. Mr. Henek was accused of having poor work ethic because he took the day off, even though Mr. Henek was a very diligent top ten performer.

**V. Hostile Work Environment and Disparate Treatment**

40. Mr. Henek's supervisor and manager improperly accused Mr. Henek of making fraudulent sales.

41. Mr. Henek would run a program called Customer Verification Tool ("CVT") to see if potential customers are in arrears with his employer.

42. On one occasion Mr. Henek ran CVT and it showed that a customer was in arrears, however, the customer provided documentation showing that the customer's arrears were paid after it went to debt collection.

43. Mr. Henek proceeded with the sale.

44. Mr. Henek was written up for the sale and accused of fraudulently selling a package, despite showing the contrary.

45. On another occasion Mr. Henek ran CVT three times for the same address. One time for the husband, another time for the wife, and a second time for the husband so that Mr. Henek could collect the arrears that the husband owed.

46. That one occasion Dan Ferrara called Mr. Henek into a meeting and accused him of saying that Defendant is intolerant of its employees' religious beliefs and observances.

47. That Dan Ferrara was very nasty and disrespectful to Mr. Henek.

48. That Mr. Henek denied publicly voicing those statements to his colleagues.

49. That Dan Ferrara stormed out of the room and then later apologized and said that he believed Mr. Henek's denial.

50. Mr. Henek was shaken up by this exchange and felt as though he was being targeted because of his faith.

51. That on the day of Mr. Henek's termination he was called into his supervisor's office and told he was being fired.

52. That the supervisor did not draw the blinds or close the door and everyone in the department was able to hear and see Mr. Henek being terminated.

53. That such a method of terminating Mr. Henek was humiliating.

54. That Mr. Henek was blindsided because he had been a top 10 sales representative up until the time he was terminated.

### AS AND FOR A FIRST CAUSE OF ACTION
### (DISCRIMINATION AND HARASSMENT IN VIOLATION OF TITLE VII)

55. Mr. Henek hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

56. Defendant has discriminated against and harassed Mr. Henek on the basis of his national origin and religion in violation of Title VII by denying him the same terms and conditions of employment available to White employees, including but not limited to, subjecting him to disparate working conditions and denying Mr. Henek the opportunity to work in an employment setting free of unlawful discrimination.

57. Defendant has discriminated against and harassed Mr. Henek on the basis of his national origin and religion in violation of Title VII by creating, fostering, accepting and ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that

included, among other things, severe and pervasive harassment of Mr. Henek because of his religion and national origin.

58. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of Title VII, Mr. Henek has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to loss of past and future income, compensation and benefits for which Mr. Henek is entitled to an award of damages.

59. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of Title VII, Mr. Henek has suffered, and continues to suffer, severe mental anguish, and emotional distress, including but not limited to depression, humiliation, embarrassment, stress, anxiety, loss of self-esteem and confidence and emotional pain and suffering for which Mr. Henek is entitled to an award of compensatory damages.

60. Defendant's unlawful discriminatory actions and harassment constitute malicious, willful and wanton violations of Title VII for which Mr. Henek is entitled to an award of punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION
## (RETALIATION IN VIOLATION OF TITLE VII)

61. Mr. Henek hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

62. Defendant has retaliated against Mr. Henek in violation of Title VII for complaining about Defendant's discriminatory practices directed toward him, subjecting Mr. Henek to acts of discrimination, harassment, humiliation and intimidation.

63. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of Title VII, Mr. Henek has suffered, and continued to suffer, monetary and/or

economic harm for which Mr. Henek is entitled to an award of monetary damages and other relief.

64. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of Title VII, Mr. Henek has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and confidence, emotional pain and suffering, as well as physical injury, for which Mr. Henek is entitled to an award of monetary damages and other relief.

### AS AND FOR A THIRD CAUSE OF ACTION
### (DISCRIMINATION AND HARASSMENT IN VIOLATION OF 42 US.C. § 1981)

65. Mr. Henek hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

66. Defendant has discriminated against and harassed Mr. Henek on the basis of his national origin and religion by denying him the same terms and conditions of employment available to white male employees, including but not limited to, subjecting him to disparate working conditions and denying Mr. Henek the opportunity to work in an employment setting free of unlawful discrimination.

67. Defendant has discriminated against and harassed Mr. Henek on the basis of his national origin and religion in violation of Section 1981 by creating, fostering, accepting and ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Mr. Henek because of his religion and national origin.

68. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Section 1981, Mr. Henek has suffered, and continues to suffer,

monetary and/or economic damages including, but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of monetary damages and other relief.

69. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Section 1981, Mr. Henek has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which Mr. Henek is entitled to an award of monetary damages and other relief.

## AS AND FOR A FOURTH CAUSE OF ACTION
### RETALIATION IN VIOLATION OF 42 U.S.C. § 1981)

70. Mr. Henek hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

71. Defendant has retaliated against and harassed Mr. Henek in violation of Section 1981 for opposing and/or complaining about Defendant's discriminatory practices directed toward him by, among other things, subjecting Mr. Henek to acts of discrimination, harassment, humiliation and intimidation.

72. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of Section 1981, Mr. Henek has suffered, and continues to suffer, monetary and/or economic damages for which he is entitled to an award of monetary damages and other relief.

73. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of Section 1981, Mr. Henek has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment stress and anxiety, loss of self-esteem and self-confidence, emotional pain and

suffering, as well as physical injury, for which Mr. Henek is entitled to an award of monetary damages and other relief.

74. Defendant's unlawful and discriminatory actions constitute malicious, willful and wonton violations of Section 1981 for which Mr. Henek is entitled to an award of punitive damages.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (DISCRIMINIATION AND HARASSMENT IN VIOLATION OF THE NYSHRL)

75. Mr. Henek hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

76. Defendant has discriminated against and harassed Mr. Henek on the basis of his national origin and religion in violation of the NYSHRL by denying him the same terms and conditions of employment available to employees who are not Israelis, including but not limited to, denying him an opportunity to work in an environment setting free of unlawful discrimination and harassment.

77. Defendant has discriminated against and harassed Mr. Henek on the basis of his national origin and religion, in violation of the NYSHRL by creating, fostering, accepting and ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Mr. Henek because of his national origin and religion.

78. As a direct result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Mr. Henek has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of damages.

79. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Mr. Henek has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which Mr. Henek is entitled to an award of compensatory damages.

### AS AND FOR A SIXTH CAUSE OF ACTION
### (RETALIATION IN VIOLATION OF THE NYSHRL)

80. Mr. Henek hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

81. Defendant has retaliated against and harassed Mr. Henek in violation of the New York State Human Rights Law for opposing and/or complaining about Defendant's discriminatory practices directed toward him by, among other things, subjecting Mr. Henek to acts of discrimination, harassment, humiliation and intimidation.

82. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NYSHRL, Mr. Henek has suffered, and continues to suffer, monetary and/or economic damages for which he is entitled to an award of monetary damages and other relief.

83. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NYSHRL, Mr. Henek has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which Mr. Henek is entitled to an award of monetary damages and other relief.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (FMLA VIOLATIONS UNDER 29 U.S.C. §§ 2612, 2614, 2615)

84. Mr. Henek repeats and realleges each and every allegation as contained in each of the proceeding paragraphs as if fully set forth herein.

85. By the acts and practices described above, Defendant retaliated against Mr. Henek for attempting to exercise his rights under the FMLA, in violation of 29 U.S.C. §§ 2612(a). 2614(a), 2614(a)(1) and 2615(a).

86. Defendant knew that its actions violated the FMLA; Defendant's violations of the FMLA were not in good faith.

87. As a result of Defendant's actions violating the FLMA, Mr. Henek has suffered and will continue to suffer irreparable injury and other monetary damages unless and until this Court grants relief.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (FMLA VIOLATIONS UNDER 29 C.F.R. 825.220)

88. Mr. Henek repeats and realleges each and every allegation as contained in each of the proceeding paragraphs as if fully set forth herein.

89. By the acts and practices described above, Defendant retaliated against Mr. Henek for attempting to exercise his rights under the FMLA, in violation of 29 C.F.R. 825.220(c).

90. Defendant knew that its actions violated the FMLA; Defendant's violations of the FMLA were not in good faith.

91. As a result of Defendant's actions violating the FLMA, Mr. Henek has suffered and will continue to suffer irreparable injury and other monetary damages unless and until this Court grants relief.

## AS AND FOR A NINTH CAUSE OF ACTION
### (DISABILITY DISCRIMINATION)

92. Mr. Henek repeats and realleges each and every allegation as contained in each of the proceeding paragraphs as if fully set forth herein.

93. Upon Mr. Henek's return to work after his nervous breakdown and after he submitted his application for medical leave he was subjected to behavior including, but not limited to being unfairly written up Mr. Henek for things that White male sales representatives were not written up for or disciplined.

94. As a result of Defendant's actions violating the ADA, Mr. Henek has suffered and will continue to suffer irreparable injury and other monetary damages unless and until this Court grants relief.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Henek prays that the Court enter a judgment in his favor and against Defendant, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of the Defendant complained of herein violate the law of the United States and the State of New York;

B. An injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

C. An order directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Mr. Henek's employment and personal life;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Mr. Henek for all monetary and/or economic damages, including but not

limited to, the loss of past and future income, wages, compensation, seniority and other benefits of employment;

E. An award of damages in the amount to be determined at trial, plus prejudgment interest, to compensate Mr. Henek for all non-monetary and/or compensatory damages, including but not limited to, compensation for his mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, emotional distress and physical injuries;

F. An award of damages for any and all other monetary and/or non-monetary losses suffered by Mr. Henek in an amount to be determined at trial, plus prejudgment interest;

G. An award of punitive damages;

H. An award of costs that Mr. Henek has incurred in this action, as well as Mr. Henek's reasonable attorneys' fees to the fullest extent permitted by law; and

I. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: White Plains, New York
December 3, 2018

                                      Respectfully submitted,

                                      *//s// Jaazaniah Asahguii*
                                      Jaazaniah Asahguii